*E-FILED - 1/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT JUAREZ, | No. C 08-5404 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| SANTA CLARA COUNTY SUPERIOR COURT JUDGES, | |
| Defendants. | |

     Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

**DISCUSSION**

A.    Standard of Review

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901

1  F.2d 696, 699 (9th Cir. 1988).

2  B.     Plaintiff's Claims

3    Plaintiff asserts claims against judges of the Santa Clara County Superior Court who denied his petitions, complaining that they improperly denied his petition or petitions for a writ of habeas and/or requests for post-conviction discovery materials.

6    Plaintiff's claims clearly arise from actions taken by defendants in their judicial capacity, for which they are absolutely immune from claims for damages. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). And although judicial immunity does not bar plaintiff's injunctive relief claim, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not base his claims on violation of a declaratory decree, or allege that declaratory relief was not available, so he has stated a claim for neither injunctive relief nor damages.

16   Because no amendment could change the fact that plaintiff's claims are asserted against defendants for actions taken in their judicial capacity, this case will be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

21   Accordingly, the instant complaint is DISMISSED for failure to state a cognizable claim under § 1983.

### CONCLUSION

This case is DISMISSED with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

DATED: 1/30/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.08\Juarez404dis.jud.imm.wpd    2